LUCY BUTTERFIELD *versus* JOHN BAKER.

Lease of a farm with a provision that the produce, whether growing or harvested, if deposited upon the land, should be held for the rent and be at the disposal of the lessor, and that the lessor might enter to take the same for rent that should be in arrear, accounting for the proceeds towards the payment of the rent. *Held,* that such produce, before any actual delivery to the lessor, was liable to attachment at the suit of a creditor of the lessee.

THE plaintiff leased a farm to one Allen, for three years, by an indenture of July 1, 1825, containing a provision, that for the payment of the rent quarterly, all the produce of the farm, whether standing and growing, or harvested and collected, if deposited upon the estate, should be holden, and be at the disposal of the lessor, in the same manner as if she were in the actual occupation of the farm ; and that she should be authorized at all times to enter into the premises and take therefrom, for the payment of any portion of the rent that might be in arrear, any ripe crops standing and growing on the premises, or gathered and deposited on the same, she accounting to the lessee for all proceeds of the produce so taken, at a fair market price, towards the payment of the rent. Allen occupied the farm under the lease, raising and consuming or disposing of the crops, and paying the rent quarterly. On the 17th of December, 1826, Allen having in his possession, on the farm. certain corn, &c., (mentioned in the plaintiff's writ,) produce raised by him that year on the farm, the defendant, a deputy sheriff, attached the same as Allen's property, on a writ in favor of one Newell. On the same day the plaintiff

523

replevied the produce as her property. At the time of the attachment and replevy, the rent had been paid by Allen to October 1, 1826. No rent has been paid since. The plaintiff had never entered on the premises and seized the produce in question for rent in arrear, nor was there ever any actual delivery of it to her. The foregoing facts were disclosed to Newell's counsel before the attachment, but they were unknown to Newell himself.

The cause was tried in the Court of Common Pleas, and upon these facts *Williams* J. instructed the jury, that the defendant was entitled to their verdict; and they returned a verdict accordingly. Whereupon the plaintiff filed her exceptions.

*Worthington*, in support of the exceptions, said that the articles replevied were sold to the plaintiff conditionally, and though never delivered, yet the possession of Allen was consistent with the terms of the agreement between him and the plaintiff, and the transaction being *bonâ fide*, it was not fraudulent as against creditors. If a mortgager or vendor of a personal chattel retains the possession, the mortgagee or vendee may maintain an action for it; and where it is intended that the mortgager shall retain the possession, there seems to be no use in a formal delivery. The plaintiff could not take this property previously to the attachment, for the rent was not in arrear. *Jewett* v. *Warren*, 12 Mass. R. 300; *Brooks* v. *Powers*, 15 Mass. R. 244; *Holmes* v. *Crane*, 2 Pick. 610; *Barrow* v. *Paxton*, 5 Johns. R. 258; *Beaumont* v. *Crane*, 14 Mass. R. 400; 3 Stark. Ev. 1494, note.

*Derby*, for the defendant. This property was in Allen, for till an entry by the lessor he might dispose of it as he pleased. It was therefore rightfully attached. That the lessor should have a right to the whole produce on the farm during the continuance of the lease, and the lessee also have a right to dispose of it at pleasure, would be inconsistent, and would be protecting the lessee against the claims of his creditors. The subject of a sale must be definite and ascertained, so as to be capable of immediate delivery; here the property was not even in existence at the date of the lease. *Mucklow* v. *Mangles*, 1 Taunt. 318; 3 Stark. Ev. 1639; *Lanfear* v.

*Butterfield*
*v.*
*Baker.*

*Nov. 1st.*

524

Butterfield
v.
Baker.

*Sumner,* 17 Mass. R. 110. It cannot be said, that because the plaintiff owned the land, she was in possession of this property ; during the continuance of the lease, the possession was exclusively in the tenant. *Smith* v. *Putnam,* 3 Pick. 221 ; *Beaty* v. *Gibbons,* 16 East, 116 ; *Stewart* v. *Doughty,* 9 Johns. R. 108. The lease provides that all the produce shall be at the disposal of the lessor in the same manner as if she were in actual occupation of the farm. This is equivalent to a reservation of the whole profits, and is repugnant to the grant and void ; Shep. T. 78, 79 ; Co. Lit. 142 *a* ; *Reed* v. *Reed,* 9 Mass. R. 372 ; but the whole instrument is to be taken together, and the subsequent clause explains and limits the general words first used, and shows that the lessor was to enter only when the rent should be in arrear. There was no rent in arrear, and she did not enter ; neither could she have entered and taken the property without being liable in trespass. *Wood* v. *Partridge,* 11 Mass. R. 488 ; *Randall* v. *Rich,* ibid. 494. Had the lessee been evicted on the 17th of December, she could not have recovered the rent. *Fitchburg C. M. Corp.* v. *Melvin,* 15 Mass. R. 268. The cases cited on the other side are different from this. In all of them the subject of the contract was ascertained, definite, and capable of immediate delivery, and there was a sale, mortgage, or pledge. Here there was not a sale, and by the deed itself the tenant had a right to sell ; — nor a mortgage, for there was nothing to mortgage, the crop not being in existence ; a mortgage too is a sale, though defeasible, and is liable to the same objections as a sale ; — nor a pledge, for there was no possession in the lessor ; and for the same reason there was no lien. *Ladd* v *Billings,* 15 Mass. R. 15.

*Nov. 2d.*

*Per Curiam.* The question is, whether the property in the chattels replevied was or was not in the plaintiff. The land was owned by her, but was leased to Allen at an annual rent, payable quarterly. Under such a lease, in general, the lessee is the owner of the produce, and the plaintiff, therefore, to support her claim, must show that it was sold or mortgaged or pledged to her by the lessee. For this purpose she relies on the provision, that all the produce deposited on the land is

to be at her disposal, and that she may enter to take it for the payment of any rent that may be in arrear.

As against creditors of the lessee, we think this does not amount to an absolute sale or a mortgage ; for in such case there must be not only a contract, but a sale completed by a delivery of the property. So are the cases reported, and the question has turned on the subsequent possession of the vendor or mortgager as evidence of fraud. *Brooks* v. *Powers*, 15 Mass. R. 244.[1] The distinction is, that where a contract of sale is complete, it gives a right as between the parties, without a delivery, and the vendee may maintain trover for the article or the vendor assumpsit for the price ;[2] but as to subsequent purchasers without notice or creditors, the sale is not valid without a delivery. *Lanfear* v. *Sumner, ubi supra*. [See *Peters* v. *Ballistier*, 3 Pick. (2d ed.) 500, n. 1.] The case of *Beaumont* v. *Crane*, 14 Mass. R. 400, is the only one which could give rise to a different view of the law, but it was held there that the parties to the contract were originally tenants in common, and so no delivery was necessary ;[3] and this rather corroborates the doctrine of the other cases.

Nor is there in the case before us a pledge, for that requires not only a delivery but actual possession.[4]

On every view, therefore, this attempt to secure rent out of future crops must fail as against creditors, although it be valid as against the lessee.[5] And it would be mischievous to hold otherwise, as the lessee by the agreement has a right to dispose of the produce, and it is his to all intents and purposes until a creditor comes to take it, and then the lessor would step in to prevent the attachment. It is further to be remarked, that the lease reserves to the lessor a right of entry to take possession of the produce. Now if the lessee were in as her servant, this was unnecessary. The instru-

Butterfield<br>*v.*<br>Baker.

---

[1] See Rand's ed. 248, n. *a; Wheeler* v. *Train*, 3 Pick. (2d ed.) 257, n. 1 ·
2 Kent's Comm. (3d ed.) 515, *et seq.*

[2] See 2 Kent's Comm. (3d ed.) 492, *et seq.*

[3] See *Addis* v. *Baker*, 1 Anstr. 222 ; *Haskell* v. *Greely*, 3 Greenl. 425.

[4] See *Ward* v. *Sumner, ante*, 60, n. 1.

[5] See *Shumway* v. *Rutter*, 7 Pick. 56 ; *Flagg* v. *Dryden*, 7 Pick. 52, *Gardner* v. *Howland*, 2 Pick. (2d ed.) 602, notes ; *Peters'* v. *Ballistier*, 3 Pick. (2d ed.) 500.

Butterfield
*v.*
Baker.

ment was intended, no doubt, to operate like common leases, until it should be necessary for the lessor to enter for her security and take the produce. This is fraudulent as against creditors

*Judgment affirmed*